UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
REGENT INSURANCE COMPANY,
as subrogee of CATSKILL CORNERS, INC.,
a/k/a SPOTTED DOG VENTURES, LLC AT
CATSKILL CORNERS
               Plaintiff,

            v.

STORM KING CONTRACTING, INC.,
SCARTH CONSTRUCTION CORP.,
SJM ASSOCIATES
SULLIVAN FIRE PROTECTION CORP.,

               Defendants.
----------------------------------------------------------x

**Memorandum & Order**

06 Civ. 2879 (LBS)

SAND, J.,

Before the Court is a motion by the plaintiff Regent Insurance Company ("Regent") seeking reconsideration of the Court's February 27, 2007 Opinion, see Regent Ins. Co. v. Storm King Contr., Inc., 2008 U.S. Dist. LEXIS 16513 (S.D.N.Y. Feb. 26, 2008) (hereafter the "Opinion"), brought pursuant to Local Rule 6.3.[1] In our Opinion, the Court held that Regent could only recover general contract damages from defendants Storm King and Sullivan, and that Regent could not seek the reconstruction value of the Emerson Inn.

The facts underlying this litigation are set forth in our prior Opinion. See Regent, 2008 U.S. Dist. LEXIS 16513, at *5-7.

For the reasons set forth below, the motion for reconsideration is granted and upon reconsideration we adhere to our prior conclusions.

---

[1] Defendants contend that Regent's motion was untimely, however, "[u]nder Local Rule 6.3 and Federal Rule of Procedure 6(a), the calculation of the ten-day period excludes weekends and holidays." Hunt v. Enzo Biochem, Inc., 2007 U.S. Dist. LEXIS 34715, *6 fn. 12 (S.D.N.Y. May 7, 2007). Plaintiff's motion was timely under this standard.

**I.     Standard**

Regent's motion for reconsideration is governed by Local Rule 6.3.  "Motions for reargument and reconsideration pursuant to Local Rule 6.3 are governed by the same standards governing motions pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." Burda Media, Inc. v. Blumenberg, 97 Civ. 7167, 1999 U.S. Dist. LEXIS 17336, *2 (S.D.N.Y. Nov. 8, 1999) (citing Candelaria v. Coughlin, 155 F.R.D. 486, 491 see also Range Road Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391 (S.D.N.Y. 2000) ("The standards governing motions for reconsideration or reargument are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure.").

"Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, 90 F. Supp. 2d at 391-92.

A motion for reconsideration "allows a party to direct the court to an argument the party has previously raised but the court has overlooked." Perez v. N.Y. Presbyterian Hosp., 05 Civ. 5749, 2006 U.S. Dist. LEXIS 27318, *2 (S.D.N.Y. April 14, 2006).  It is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 U.S. Dist. LEXIS 10158, *4 (S.D.N.Y.  July 20, 2000) (quoting Yurman Design Inc. v. Chaindom Enter., Inc., No. 99 Civ. 9307, 2000 U.S. Dist. LEXIS 1747, *1 (S.D.N.Y. Feb. 22, 2000).  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected

nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Taggart v. Moody's Investors Serv., 06 Civ. 3388, 2007 U.S. Dist. LEXIS 71254, *1 (S.D.N.Y. Sept. 26, 2007); In re Health Management Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

## II.    Motion for Reconsideration

In this Court's prior Opinion, we held that "Plaintiff Regent Insurance can only recover general contract damages from defendants Storm King and Sullivan and may not seek the reconstruction value of the Emerson Inn … Thus, plaintiff must seek general contract damages, or the cost of repairing the alleged defects in construction as of the date of completion of the project – May 22, 2000." Id. at *46. Regent now moves for clarification or reconsideration because it contends that the term "general contract damages" should include the cost of replacing the building.

The Court fails to see any ambiguity in its ruling, which discusses at length the fact that the cost of replacing the Inn is not an appropriate contract remedy in this case, and the fact that a tort claim for reconstruction is barred by the statute of limitations. Plaintiff's attempt to construe the term "general contract damages" to include their previously rejected claim is entirely inappropriate. Plaintiff essentially reiterates the arguments it made during the summary judgment motions, which were addressed by the Court in its prior Opinion. This Court held specifically that "general contract damages"

included only "the cost of repairing the alleged defects in construction as of the date of completion of the project" and not "the reconstruction value of the Emerson Inn." Id.

### III. Conclusion

For the foregoing reasons, this Court adheres to its prior Opinion.

**SO ORDERED.**

Dated: May 7, 2008
New York, NY

_____
U.S.D.J.